UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZNAUR GRIGORYAN,<br><br>          Petitioner,<br><br>   v.<br><br>JEFF MACOMBER,<br><br>          Respondent. | Case No. 2:24-cv-04143-MRA-JC<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>[DOCKET NO. 16] |

The Court has conducted the review required by 28 U.S.C. § 636, including a *de novo* review of those portions of the June 5, 2025, Report and Recommendation of the United States Magistrate Judge ("Report") as to which Petitioner has objected ("Objections"). The Report recommends, in pertinent part, the dismissal of Ground Four of the Petition without leave to amend. (ECF No. 33.) Petitioner objects only to the dismissal of Ground Four, in which he claims that his due process rights were violated when the Los Angeles County Superior Court denied his petition for resentencing. (ECF No. 40 at 5.) Petitioner argues that this claim is cognizable as a federal habeas claim because "an arbitrary deprivation of a state law liberty interest in the context of sentencing can violate federal due process of law." (*Id*.) The Court

agrees with the Report that Petitioner has not shown that he has a liberty interest in resentencing under state law. (ECF No. 33 at 24-26.)

In particular, Petitioner's reliance on *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980), to claim "an arbitrary deprivation of a state law liberty interest" under Cal. Penal Code § 1172.6, is unavailing. (ECF No. 40 at 5.) In *Hicks*, the Supreme Court "held that if a state guaranteed a defendant a right to have a jury decide his sentence, it was unconstitutional to deny him resentencing by a jury after the statute under which he was sentenced was deemed unconstitutional." *Gonzalez v. Wong*, 667 F.3d 965, 995 (9th Cir. 2011) (citing *Hicks*, 447 U.S. at 343). In arguing that his claim is controlled by *Hicks*, Petitioner "reads *Hicks* too broadly." *See id*. (citing *Chambers v. Bowersox*, 157 F.3d 560, 565 (8th Cir. 1998) (distinguishing *Hicks* and "reject[ing] the notion that every trial error, even every trial error occurring during the sentencing phase of a capital case, gives rise to a claim under the Due Process Clause")). Because his claim shares almost no similarities with the circumstances raised in *Hicks*, Petitioner has not shown that his claim falls under the "rather narrow rule" represented by that precedent. *See Chambers*, 157 F.3d at 565.

Moreover, even if it is assumed for purposes of argument that *Hicks* applies, there is no due process violation where, as here, "[P]etitioner received all that was due under [state] law." *Ross v. Oklahoma*, 487 U.S. 81, 91 (1988). Under California law, "clearly meritless [resentencing] petitions can be efficiently addressed as part of a single-step prima facie review process." *People v. Lewis*, 11 Cal. 5th 952, 971 (2021). The Court agrees with the Report that Petitioner did not have a prima facie case and was categorically ineligible for relief under the resentencing statute, Cal. Penal Code § 1172.6. (ECF No. 33 at 26.) Section 1172.6 authorizes an individual convicted of murder based on the felony-murder doctrine, the natural and probable

consequences doctrine, "or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to petition the state trial court for resentencing. Cal. Penal Code § 1172.6(a). The statute, however, has no application to implied-malice murder under *People v. Watson*, 30 Cal. 3d 290 (1981), the theory under which Petitioner was convicted. (ECF No. 33 at 26.) As the California Court of Appeal recognized in this case, "[t]he *Watson* theory of murder remains valid because it 'does not involve the *imputation* of malice. It requires proof—in addition to the mere fact that the defendant killed someone while driving intoxicated—that the defendant *personally harbored* implied malice.'" (ECF No. 17-6 at 6 (quoting *People v. Carr*, 90 Cal. App. 5th 136, 144 (2023)). As noted in the Report, the Court is bound by the state court's interpretation and application of California law, including §1172.6 in this case. (ECF No. 33 at 26 (citing *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).)

      Accordingly, the Court accepts and adopts the findings, conclusions and recommendations of the Magistrate Judge reflected in the Report and Recommendation and overrules Petitioner's Objections.

      **IT IS HEREBY ORDERED:**

      1.    Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus ("Petition") is granted in part and denied in part.

      2.    Grounds One, Two, and Three of the Petition are dismissed with leave to amend.

      3.    Ground Four of the Petition is dismissed without leave to amend.

      4.    Petitioner shall do one of the following within twenty (20) days of the date of this Order:

          (a)    file a First Amended Petition for Writ of Habeas Corpus

amending Grounds One, Two, and Three of the Petition; or

(b) file a Notice of Intent to Stand on Petition which may result in the issuance of a final Order and Judgment dismissing the Petition and this action with or without prejudice on the grounds discussed in the Report and Recommendation.

**5. Petitioner is cautioned that the failure timely to file a First Amended Petition for Writ of Habeas Corpus or a Notice of Intent to Stand on Petition may result in the dismissal of the Petition and this action with or without prejudice based on the deficiencies in the Petition identified in the Report and Recommendation, Petitioner's failure to prosecute, and/or Petitioner's failure to comply with this Order.**

6. In the event Petitioner timely files a First Amended Petition for Writ of Habeas Corpus, Respondent shall file a response thereto within twenty (20) days of the filing of such a pleading.

7. The Clerk shall serve copies of this Order on counsel for Petitioner and Respondent.

**IT IS SO ORDERED.**

DATED: September 29, 2025

_____
MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE